UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>              Plaintiff,<br><br>       v.<br><br>KARIM MEHRABI, and DOES 1-10,<br><br>              Defendants. | No.  2:13-cv-1519-KJM-EFB<br><br>FINDINGS AND RECOMMENDATIONS |

This matter came before the court for hearing on plaintiff's motion for default judgment against defendant Karim Mehrabi on September 3, 2014.[1] ECF Nos. 14, 15.  However, plaintiff failed to appear at the hearing on his motion.  Attorney Richard Stoll appeared on behalf of defendant Mehrabi.  For the reasons stated below, plaintiff's motion must be denied.

I.     Background

Plaintiff initiated this action on July 26, 2013, alleging violations of the Americans with Disabilities Act ("ADA") 42, U.S.C. §§ 12101, *et seq*., the California Unruh Civil Rights Act ("Unruh Act"), the California Disabled Persons Act, and a claim for negligence.[2]  ECF No. 1.

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).

[2] Plaintiff does not seek default judgment on his negligence and California Disabled Persons Act claims.  His motion for entry of default judgment does not address Fed. R. Civ. P. 54(b) (judgment not to be entered as to one or more, but fewer than all of the claims or parties absent required showing.)

1

1  The complaint seeks injunctive relief, and attorneys' fees and costs, and damages under the
2  Unruh Act. *Id*. at 7.  The docket reflects that defendant was served with a copy of the summons
3  and complaint on September 27, 2013.  ECF No. 9.  Despite being properly served, defendant has
4  not responded to the complaint.  On July 2, 2014, plaintiff requested entry of defendant's default,
5  which the clerk entered on July 3, 2014.  ECF Nos. 12, 13.

6  Plaintiff moved for default judgment against defendant, ECF No. 14, and served by mail a
7  copy of the motion on defendant, ECF Nos. 14, 13.  Plaintiff's motion seeks $12,000 in monetary
8  damages under the Unruh Act, based upon three separate violations, as well as injunctive relief
9  and attorneys' fees and costs.

10  According to the complaint, plaintiff is a quadriplegic and uses a wheelchair for mobility.
11  Compl., ECF No. 1 at 1.  Defendant is the owner and operator of the 76 Station located at 4507
12  Howard Road, Westley, California.  *Id*. ¶ 2.  The 76 Station is a business establishment and place
13  of public accommodation.  *Id*. ¶ 7.  The property does not have a single handicap parking space,
14  much less a van-accessible disabled parking space.  *Id*. ¶ 9.  Further, the mirror in the restroom is
15  mounted so that its lowest edge is about 55.5 inches above the floor, rendering it useless to
16  individuals in wheelchairs.  *Id*.  These architectural barriers denied plaintiff the full and equal
17  access to facilities, privileges, and accommodations offered by defendant on at least three
18  different visits plaintiff made to the property in 2013.  *Id*. ¶¶ 10, 11.  Plaintiff further alleges that
19  defendant's failure to remove these barriers was intentional.  *Id*. ¶ 11.

20  II.  Discussion

21  Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party
22  against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend
23  against the action.  *See* Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not
24  automatically entitle the plaintiff to a court-ordered judgment."  *PepsiCo, Inc. v. Cal. Sec. Cans*,
25  238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25
26  (9th Cir. 1986)).  Instead, the decision to grant or deny an application for default judgment lies
27  within the district court's sound discretion.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.
28  1980).  In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (stating that although a default established liability, it did not establish the extent of the damages).

A. <u>Americans with Disabilities Act</u>

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." *Id*. § 12182(b)(2)(A)(iv). Under the ADA, the term readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1)[he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or

3

operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Further, "[t]o succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive–Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

Although "[t]he Ninth Circuit has yet to rule on whether the plaintiff or defendant bears the burden of proof in showing that removal of an architectural barrier is readily achievable," the Ninth Circuit, and various district courts throughout the Ninth Circuit, have often applied the burden-shifting framework set forth in *Colorado Cross Disability Coalition v. Hermanson Family, Ltd.*, 264 F.3d 999 (10th Cir. 2001). *Vesecky v. Garick, Inc.*, 2008 WL 4446714, at *2 (D. Ariz. Sept. 30, 2008) (citing *Doran v. 7–Eleven, Inc.*, 506 F.3d 1191, 1202 (9th Cir. 2007) and various district court cases).[3] In *Colorado Cross*, the Tenth Circuit stated that the "[p]laintiff bears the initial burden of production to present evidence that a suggested method of barrier removal is readily achievable" and that if plaintiff meets that burden, the burden shifts to the defendant, who "bears the ultimate burden of persuasion regarding its affirmative defense that a suggested method of barrier removal is not readily achievable."[4] *Colo. Cross Disability Coal.*,

---

[3] In *Vesecky*, 2008 WL 4446714, at *3, the district court stated that the Ninth Circuit "applied *Colo. Cross* without much discussion" in *Doran v. 7–Eleven, Inc.*, 506 F.3d 1191, 1202 (9th Cir. 2007) (per curiam), withdrawn, 524 F.3d 1034 (9th Cir.2008). Although the *Doran* opinion cited by the district court in *Vesecky* was subsequently withdrawn and superseded on rehearing, the portion of the opinion relied on by the court in *Vesecky* was not altered in the later *Doran* opinion. *See Doran v. 7–Eleven*, 524 F.3d 1034, 1047–48 (9th Cir. 2008).

[4] Circuit courts that have applied a burden-shifting framework to determine whether a suggested method of barrier removal is readily achievable have disagreed about the quantum of evidence that a plaintiff must produce in order to meet his initial burden of production. *Compare Colo. Cross Disability Coal.*, 264 F.3d at 1009 (requiring that plaintiff produce evidence, including evidence that a "specific design" is readily achievable and "precise cost estimates," to meet his initial burden of production), *with Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 373 & n. 6 (2d Cir. 2008) (rejecting the Colorado Cross standard and requiring only that plaintiff articulate a "plausible proposal for barrier removal"). The difference in the case law need not be resolved here on plaintiff's motion for default judgment, where the allegations in the operative complaint

264 F.3d at 1006.

In *Molski v. Foley Estates Vineyard and Winery*, LLC, 531 F.3d 1043 (9th Cir. 2008), the Circuit addressed *Colorado Cross* directly for the first time. The court declined to apply *Colorado Cross'* burden-shifting framework in the context of barrier removal from within historic buildings and instead placed the burden squarely on the defendant.[5] The court reasoned that by requiring "the entity undertaking alterations [to] consult with the State Historic Preservation Officer," the ADA guidelines for historic buildings place the burden on the "party with the best access to information regarding the historical significance of the building" rather than "on the party advocating for remedial measures."[6] 531 F.3d at 1048.

In *Vesecky*, an opinion addressing both *Colorado Cross* and *Molski*, the District of Arizona stated that while it was "mindful of the informational imbalance that may exist between plaintiffs and defendants with respect to the ease and cost with which architectural barriers may be removed . . . until the Ninth Circuit provides additional and specific instruction to the lower courts [it] will follow the overwhelming majority of federal courts that apply the burden-shifting framework of *Colo. Cross*, specifically in cases where a historic building is not at issue." *Vesecky*, 2008 WL 4446714, at *2. This court agrees, especially in the context of a default judgment proceeding in which defendants have not appeared. 42 U.S.C. § 12181(9).

/////

---

are, as a general matter, taken as true. Nonetheless, as discussed below plaintiff's allegations fail to meet even the more lenient standard.

[5] Although the Ninth Circuit declined to apply the *Colorado Cross* burden-shifting framework in *Molski*, it has favorably cited *Colorado Cross* elsewhere. In *Lentini v. California Center for the Arts*, 370 F.3d 837, 845 (9th Cir. 2004), the Court of Appeals cited *Colorado Cross* for the proposition that whether a modification order will "fundamentally alter" a service or facility under Title III of the ADA is an affirmative defense. The *Colorado Cross* court supported its holding that the whether removal of an architectural barrier is readily achievable under Title III of the ADA is an affirmative defense, and its resulting application of a burden-shifting test, by analogizing to the affirmative defense under the ADA's fundamental alteration provision. 264 F.3d at 1003–04. The *Lentini* decision at least suggests that the Ninth Circuit is not altogether hostile to the reasoning that gave rise to the *Colorado Cross* burden-shifting test.

[6] The court also stated that "congressional intent behind the ADA support[s] placing the burden of production on the defendant." 531 F.3d at 1048.

5

1    Plaintiff's complaint alleges that he is an individual with a disability, defendant is the
2 owner and operator of the 76 Station, and that defendant denied him public accommodation
3 because of his disability. He also alleges discrimination due to two architectural barriers.
4 Plaintiff, however, does not allege that the removal of the barriers is readily achievable. *Parr v. L*
5 *& L Drive–Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

6    Plaintiff, relying on *Wilson v. Haria and Gorgi Corp.*, 479 F. Supp. 2d 1127, 1133 n. 7
7 (E.D. Cal. 2007) argues that whether removal of an architectural barrier is readily achievable is an
8 affirmative defense. ECF No. 14 at 9. That case appears to adopt the reasoning of *Colorado*
9 *Cross*, which further held that where a plaintiff meets its initial burden of presenting evidence
10 suggesting the removal of the barrier is readily achievable, "[d]efendant then bears the ultimate
11 burden of persuasion on affirmative defense that barrier removal is not readily achievable." 264
12 F.3d at 1002-03. But plaintiff fails to satisfy his initial burden of showing that the removal of the
13 barriers is readily achievable. His complaint does not allege that the architectural barriers can be
14 easily removed, nor does he submit any evidence with his motion for default judgment that shows
15 that removal is readily achievable. Accordingly, on the record currently before the court plaintiff
16 has failed to establish a prima facie Title III discrimination claim. Thus, the merits of plaintiff's
17 substantive claims and the sufficiency of the complaint weigh against default judgment.

18    Furthermore, several of the other *Eitel* factors also weigh against granting plaintiff's
19 application for default judgment. As mentioned above, attorney Richard Stoll appeared on behalf
20 of defendant at the hearing on plaintiff's motion for default and represented to the court that he
21 and plaintiff's counsel had reached a stipulation to withdraw plaintiff's motion for default
22 judgment.[7] Given defendant's appearance and representation at the hearing, it appears that
23 plaintiff may be able to obtain relief absent default judgment and/or that plaintiff's failure to
24 respond may have been due to excusable neglect. While the sum of money at stake is relatively
25 small, there is a strong policy in favoring decision on the merits. *Eitel*, 782 F.2d at 1472 ("Cases
26 should be decided upon their merits whenever reasonably possible.").

---

[7] To date, the parties still have not filed a stipulation to withdraw the instant motion.

6

1     Accordingly, plaintiff's motion for default judgment on his ADA claim must be denied.

2     B.  Unruh Civil Rights Act

The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b).  To prevail on his disability discrimination claim under the Unruh Civil Rights Act, plaintiff must establish that (1) he was denied the full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) his disability was a motivating factor for this denial; (3) defendants denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services; and (4) defendants' wrongful conduct caused plaintiff to suffer injury, damage, loss or harm.  Cal. Civil Jury Instructions (BAJI), No. 7.92 (Fall 2009 Revision).  Additionally, any violation of the ADA necessarily constitutes a violation of the Unruh Civil Rights Act.  Cal. Civ. Code § 51(f); *see also Munson v. Del Taco, Inc.*, 46 Cal.4th 661, 664, 94 Cal.Rptr.3d 685, 208 P.3d 623 (2009).

The Unruh Civil Rights Act provides for a minimum statutory damage amount of $4,000 per violation, and "any attorney's fees that may be determined by the court in addition thereto." *Id*. § 52(a).  Plaintiff seeks $12,000 in damages for violation of the Unruh Civil Rights Act, based on three actual visits to defendants' property.  ECF No. 14-1 at 10; ECF No. 1 ¶ 10.

Plaintiff's Unruh Act claim is based on defendant's alleged violation of the ADA.  Compl. ¶ 20 ("Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages.").  As explained above, plaintiff has failed to show that he is entitled to default judgment based on defendant's alleged violation of the ADA.  Accordingly, on the record currently before the court plaintiff is also not entitled to default judgment on his Unruh Act claim.

26  /////

27  /////

28  /////

7

III.     Conclusion

For the reasons state above, it is hereby RECOMMENDED that plaintiff's application for default judgment, ECF No. 14, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 13, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE