UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON, | No. 2:13-cv-01519-KJM-DB |
| Plaintiff, | |
| v. | ORDER |
| KARIM MEHRABI, | |
| Defendant. | |

On July 18, 2016, the court determined this case had settled and ordered the parties to file dispositional documents within thirty days. Min. Order, ECF No. 32. That thirty day time period expired on August 17, 2016 with no dispositional documents filed. Several months passed with no communication from either party to confirm settlement, even though plaintiff's counsel filed documents in connection with a pending motion for attorney's fees. *See* ECF No. 34. Finally, on January 5, 2017, the court ordered the parties to show cause why sanctions should not be imposed or this case dismissed for failing to comply with the court's July 18, 2016 order. Order, ECF No. 36. Because neither party has responded to the court's order to show cause, and for the reasons explained below, the court dismisses this case for lack of prosecution.

/////

/////

1

Dismissal is a harsh penalty that the court should impose only in extreme circumstances. *Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir. 1981) (citation omitted). Courts consider the following five factors in determining the appropriateness of dismissal:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The first two factors weigh in favor of dismissal of this case. The court ordered the parties to file dispositional documents within thirty days of July 18, 2016, and it is now 2017 with no communication from either party. *See Henderson*, 779 F.2d at 1423 ("A dismissal for lack of prosecution must be supported by a showing of unreasonable delay." (citing *Nealey v. Transportacion Maritima Mexicana, S. A.*, 662 F.2d 1275, 1280 (9th Cir. 1980))). The court also warned the parties of the risk of dismissal if they failed to comply with the court's order to file dispositional documents. *See* Order, ECF No. 36; *see also Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992) ("In cases involving *sua sponte* dismissal of an action, . . . there is a closer focus on" whether the court warned the parties of potential "imminent dismissal of the case."). As to the third factor, the defendant has presumably not been prejudiced by the delay because it appears the case has settled, and the defendant is complicit in failing to comply with the court's order. *Cf. Henderson*, 779 F.2d at 1423 ("Unreasonable delay creates a presumption of injury to the defense."). This factor is neutral. The fourth factor, which observes that public policy favors disposition of cases on their merits, always weighs against dismissal, but here the parties have not as much as signaled the court's need to reach the merits of the case.

As for the final factor, the availability of less drastic sanctions, the court has considered monetary sanctions in the amount of $250 each for failing to comply with the court's July 18, 2016 order. To do so would be unnecessarily myopic, however, and not further the ends of justice even if the parties were paying attention so as to comply this time. The parties apparently have moved on from this case, and the court finds no injustice in following their lead.

/////

This case is DISMISSED. Plaintiff's motion for attorney's fees, ECF No. 30, is DENIED as moot.

IT IS SO ORDERED.

DATED: March 22, 2017.

_____
UNITED STATES DISTRICT JUDGE